IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELSIE PLUMB,
an individual,

        Plaintiff,

v.

CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION,

        Defendant.
_____/

CASE NO.:

[formerly Circuit Court for the Fourth Circuit, Nassau County, Florida
[Case No. 21CA000078AXYX]

## NOTICE OF REMOVAL

Defendant Capital One Bank (USA), N.A. ("Capital One"), hereby removes Case No. 21CA000078AXYX from the County Court, Fourth Judicial Circuit, in and for Nassau County, Florida, to the United States District Court, Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and as grounds for their removal state as follows:

### I.    STATEMENT OF CASE[1]

1. On or about March 6, 2021, Plaintiff Kelsie Plumb ("Plaintiff") filed a Complaint in the County Court for the Fourth Judicial Circuit, in and for Nassau County, Florida, styled *Kelsie Plumb v. Capital One Bank (USA), N.A.,* Case No. 21CA000078AXYX (the "State Court Action").

---

[1] A true and correct copy of the docket from the State Court Action is attached hereto as Exhibit A.

2. Capital One was served with a copy of the Complaint on or about March 18, 2021.

3. Capital One has not taken any action in the State Court Action.

4. The Complaint purports to assert causes of action based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. (the "FCCPA").

## II. FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides: "[t]he district courts shall have original jurisdiction of all civil actions, arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

6. Plaintiff's alleged TCPA claim in the State Court Action arises pursuant to federal law, *i.e.*, the TCPA, 47 U.S.C. § 227 *et seq*. *See generally* Compl. Thus, this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, and, therefore, this removal is pursuant to 28 U.S.C. § 1441(a).

7. Plaintiff's alleged FCCPA claim in the State Court Action arises from the same case and controversy as Plaintiff's federal claim, which has original jurisdiction in the district courts. Thus, the district court has supplemental jurisdiction over Plaintiff's FCCPA claim under 28 U.S.C. §1367.

## III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, documents, and process from the State Court Action available to Capital One has been attached to this Notice of Removal as Exhibit B.

9.	Removal is timely in accordance with 28 U.S.C. § 1441(b).  Specifically, this removal has been filed within thirty (30) days of service of the Amended Complaint upon Capital One.

10.	Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the United States District Court for the Middle District of Florida, Jacksonville Division, is the federal judicial district embracing the County Court for Nassau County, Florida.

11.	Pursuant to 28 U.S.C. § 1446(d), Capital One will promptly file a copy of this Notice of Removal in the State Court Action and provide written notice of the removal to Plaintiff.

12.	By filing this Notice of Removal, Capital One does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  Capital One intends no admission of fact, law or liability by this Notice and expressly reserves all defenses, motions, and/or pleas.

13.	If any questions arise as to the propriety of the removal of this action, Capital One requests the opportunity to submit a brief and present oral argument in support of its position that this case has been properly removed.  *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Respectfully submitted,

Dated: April 7, 2021	BALLARD SPAHR LLP

/s/ *Adam H. Settle*
Adam H. Settle, Esq.
Florida Bar No. 1026828
settlea@ballardspahr.com
1735 Market Street, 51st Fl
Philadelphia, PA 19103
Phone: (215) 864-8861

Fax: (215) 864-8999

*Attorney for Defendant Capital One Bank (USA), N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished, via ECF and email upon the following:

Ryan G. Moore, Fla. Bar No.: 70038
First Coast Consumer Law
340 Third Avenue South, Suite A
Jacksonville Beach, FL 32250-6767
T: (904) 242-7070 F: (904) 242-7054
pleadings@firstcoastconsumerlaw.com

*Attorney for Plaintiff*

                                                /s/ *Adam H. Settle*
                                                Adam H. Settle